## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

**THIS CONFIDENTIAL SETTLEMENT AGREEMENT** ("Agreement") is made and entered into by and between Plaintiff Reginald Everett ("Plaintiff") and Defendant Interfor U.S. Inc. ("Defendant") (collectively Plaintiff and Defendant are referred to as "Parties").

**WHEREAS**, on February 12, 2018, Plaintiff filed a lawsuit in the United States District Court for the Eastern District of Arkansas, Pine Bluff Division, alleging that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 8 et seq. ("FLSA") and the Arkansas Minimum Wage Act, Case Number: 5:18-cv-39-DPM (the "Action"). Plaintiff specifically alleged in the Action that he is owed unpaid wages, including overtime ("OT");

**WHEREAS**, Plaintiff also pled in the Action a collective action claim under the FLSA, whereby Plaintiff alleged that other production workers employed by Defendant were owed OT. This Action was not conditionally, or otherwise, certified as a collective or class action, but one individual, Stefon Collins, filed a consent to joinder that will now be withdrawn. Accordingly, Plaintiff is the only party Plaintiff in the Action.

**WHEREAS**, Defendant denies the allegations made in the Action in their entirety;

**WHEREAS**, Plaintiff and his counsel has determined that payment by Defendant described in paragraph 4 herein affords Plaintiff **full and complete** relief for Plaintiff's individual unpaid wages and OT claims, and consideration for the promise in paragraph 5(b), general release in paragraph 5(c), confidentiality provisions in paragraph 9, and non-disparagement provisions in paragraph 10 herein.

**WHEREAS**, the Parties, by and through counsel, engaged in voluntary arms-length settlement discussions. The Parties reached an agreement resolving all the claims in the Action, the terms of which are specified and incorporated into this Agreement; and

**WHEREAS**, Plaintiff agreed to sign this Agreement, and accept certain consideration in order to resolve the Action; and

**WHEREAS**, the purpose of this Agreement is to specify that Plaintiff agrees to waive any wage claim(s) he may have against Defendant up to and including the date he executes this Agreement, relating in any way to his employment with Defendant, including claims encompassed in the Action or that could have been brought against Defendant, either individually, collectively or by any means whatsoever. The consideration for this Agreement is the compensation paid to Plaintiff to which Defendant claims he is not otherwise entitled.

**NOW, THEREFORE**, in consideration of the promises and mutual promises contained herein, it is agreed as follows:

1. **Recitals are true.** The Recitals above are true and accurate and incorporated into this Agreement.

2. **Effectiveness of Agreement.** This Agreement becomes effective only upon completion of all of the following three events: 1) Plaintiff signing it; 2) Defendant signing it; and 3) Plaintiff's counsel delivering, via email attachment, an executed copy to Defendant' counsel, Jim Shore of the law firm of Stoel Rives LLP.

3. **No Admission of Liability.** This Agreement is not and shall not in any way be construed as an admission by Defendant of any wrongdoing or any violation of the FLSA, Arkansas Minimum Wage Act, or any other law. The Parties have entered into this agreement for the sole purpose of resolving litigation and to avoid the future burden, expense, delay and uncertainties of litigation.

4. **Consideration to Plaintiff.** In consideration of this Agreement, and in full and final settlement of any claims which Plaintiff has made in the Action, and for execution of this Agreement, Defendant agrees as follows as full and final settlement of the Action:

Defendant agrees to pay to Plaintiff the total settlement amount of Sixteen Thousand and Two Hundred Dollars ($16,200.00) ("Total Settlement Amount"). Total Settlement Amount will be paid in two (2) checks as follows:

   a.   One check in the gross amount of Two Thousand Two Hundred Dollars ($2,200.00), will be paid by Defendant to Plaintiff, care of Sanford Law Firm, PLLC, as consideration for the promise in paragraph 5(b), general release in paragraph 5(c), confidentiality provisions in paragraph 9, and non-disparagement provisions in paragraph 10 herein;

   b.   One check in the amount of Fourteen Thousand Dollars ($14,000.00), to be paid by Defendant to Plaintiff's counsel, Sanford Law Firm, PLLC as reimbursement for fees and costs, and will be reported on an IRS Form 1099.

For payments made on a Form 1099, the payees agree to be solely responsible for federal, state, and local taxes due on said payment, and expressly agree to indemnify and hold Defendant harmless for any claims involving federal, state, or local taxes resulting from such responsibility. Any such payments not already made will be made and delivered to Plaintiff's counsel, Sanford Law Firm, PLLC, within fourteen (14) calendar days after the Action has been dismissed with prejudice.

5. **Consideration to Defendant.** Plaintiff agrees to following terms:

   a.   Within seven (7) calendar days after this Agreement becomes effective pursuant to paragraph 2 herein, Plaintiff will file all the necessary documents to dismiss with prejudice the Action. Defendant acknowledges that the Court in the Action will determine whether the Action will be dismissed with or without prejudice.

   b.   Plaintiff promises not to file or join any other lawsuits asserting claims arising from the beginning of time up to and including the date of this Agreement for unpaid wages, including unpaid OT, under the federal FLSA or state law statute or

common law, including unpaid overtime, violations of minimum wage payments, unpaid wages, breach of contract, and/or equitable claims such as quantum meruit, against Defendant and any companies that are parents, subsidiaries, affiliates or other entities related to or associated with Defendant, their past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents and attorneys.

  c. **Complete and Permanent Release by Plaintiff**: Plaintiff does hereby release and forever discharge Defendant and any companies that are parents, subsidiaries, affiliates or other entities related to or associated with Defendant, their past or present predecessors, successors, assigns, administrators, partners, officers, directors, employees, agents and attorneys (hereinafter collectively referred to as the "Released Parties"), from any and all claims for wages owed that were or could have been asserted by Plaintiff against Defendant or the Released Parties including, but not limited to any claim under the Fair Labor Standards Act, 29 U.S.C. § 8 et seq. ("FLSA"), the Arkansas Minimum Wage Act, any other state law statute or any common law, including unpaid overtime, violations of minimum wage payments, unpaid wages, breach of contract, equitable claims such as quantum meruit; claims made to the U.S. Department of Labor or any other local, state or federal administrative agency, and any other claims or causes of action for wages Plaintiff has or may have had arising out of his work for Defendant, and separation from Defendant following execution by Plaintiff of this Agreement, from the beginning of time up to and including the date Plaintiff executes this Agreement.

  6. **Parties' Attorneys' Fees and Costs.** Except as otherwise agreed in Paragraph 4 of this Agreement, the Parties shall bear their own attorney's fees and costs.

  7. **No Assignment of Claims Released**. Plaintiff represents that he has not assigned, given or sold any portion of any claim discussed in this Agreement to anyone else.

  8. **Consultation with Counsel.** Plaintiff acknowledges that he consulted with his counsel, Josh Sanford, Esq. of the law firm Sanford Law Firm, PLLC prior to signing this Agreement.

  9. **Confidentiality.** The Parties understand and agree that this Agreement and the matters discussed in negotiating its terms are entirely confidential. It is therefore expressly understood and agreed by Plaintiff that Plaintiff will not reveal, discuss, publish or in any way communicate any of the terms or fact of this Agreement to any person, organization or other entity. This obligation of confidentiality/non-disclosure extends to any publication or electronic communication including all forms of social media, including e-mail, Facebook, Twitter, etc. Notwithstanding the foregoing, Plaintiff may share information concerning the terms of this Agreement with his professional representatives and immediate family, who shall be informed of and agree to be bound by this confidentiality clause prior to any disclosure to them. In response to any direct inquiries regarding the resolution of the Lawsuit, Plaintiff agrees that Plaintiff will respond **only** by stating that the matter has been resolved.

  10. **Non-Disparagement**. Plaintiff agree that they will not criticize, denigrate or otherwise speak adversely against Defendant or any Released Parties. This obligation of non-

disparagement extends to any publication or electronic communication including all forms of social media, including e-mail, Facebook, Twitter, etc. The type of comments contemplated include, but are not limited to any remark which may cause or tend to cause an adverse impact on the reputation or character of Defendant or any of the Released Parties or cause a reasonable person in the community to negatively alter or change their opinion of Defendant or any Released Party. Plaintiff' duty of non-disparagement is a material term of this Agreement. In the event of a breach, Defendant reserves the right to seek all available legal remedies, including but not limited to attorneys' fees and costs.

11. **No Other Benefits Due**. Plaintiff understands and agrees that this Agreement is intended to and does bar all claims Plaintiff has or may have against Defendant and the Released Parties arising out of or based on the factual allegations in the Action, and that Plaintiff is not entitled to receive and will not claim any right, benefit, or compensation other than what is set forth above in Paragraph 4.

12. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof. This Agreement may not be changed orally, and may only be modified in writing. This Agreement shall be interpreted and construed under the laws of the State of Arkansas. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

13. **Amendments.** This Agreement may not be amended or modified in any respect whatsoever, except by a writing duly executed by the parties, and the Parties each agree that they shall make no claims at any time that this Agreement has been orally amended or modified.

14. **Binding Effect.** This Agreement shall be binding upon Plaintiff and Defendant and upon their heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of said parties and to their heirs, administrators, representatives, executors, successors and assigns.

15. **Successors.** It is expressly understood and agreed by Plaintiff that this Agreement and all of its terms shall be binding upon Plaintiff's representatives, heirs, executors, administrators, successors and assigns.

16. **Headings**. The headings in each paragraph herein are for convenience of reference only and shall be of no legal effect in the interpretation of the terms hereof.

17. **Attorneys; Fees And Costs For Enforcement Of Agreement**. The Parties agree that any party shall be entitled to recover reasonable attorney's fees and expenses to the extent permitted by law arising from or relating to enforcement of any provision of this Agreement in which that party prevails on any or all issues presented, including attorneys' fees and costs incident to appeal.

18. **Knowing and Voluntary Agreement.** In signing this Agreement, all parties expressly warrant that they have read and fully understand it. All parties acknowledge that this

Agreement is voluntary and that no one is making or forcing either party to enter into it. All parties acknowledge that they have had an opportunity to consult with an attorney before signing it.

19. **Counterparts.** This Agreement may be executed simultaneously in counterparts each of which shall be deemed an original, but which collectively shall constitute one and the same instrument.

_____
Authorized Representative for
Interfor U.S. Inc.

Date: June 4, 2018

_____
REGINALD EVERETT

Date: June 5, 2018

_____
Authorized Representative for
Interfor U.S. Inc.

Date: June 4, 2018